NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PELE SAPP,<br><br>          Plaintiff,<br><br>   v.<br><br>ESSEX COUNTY CORRECTIONAL FACILITY, et al.,<br><br>          Defendants. | Civ. No. 21-19491 (CCC) (JRA)<br><br>OPINION |

**CLAIRE C. CECCHI, U.S.D.J.**

*Pro se* Plaintiff Pele Sapp ("Plaintiff") seeks to commence a civil rights action pursuant to 42 U.S.C. § 1983, alleging that while he was a convicted state prisoner incarcerated at Essex County Correctional Facility ("ECCF"), he was subjected to unconstitutional excessive force by a "Sgt. Jarman" and the "Essex County Riot Response Team" ("ECRRT").[1] ECF No. 7.  The Court previously granted Plaintiff permission to proceed *in forma pauperis* (ECF No. 6), and ordered him to show cause why his complaint should not be dismissed on statute-of-limitations grounds. *Id.*  Before the Court are (1) Plaintiff's amended complaint (ECF No. 7), which, unlike the initial complaint, specifies the date of the incident that is the subject of his excessive force claim (*id.* at 4); and (2) Plaintiff's request for appointment of counsel (*id.* at 6).  Upon screening, for the reasons set forth below, Plaintiff's amended complaint will be dismissed in part and permitted to proceed in part.  Further, Plaintiff's request for the appointment of counsel will be denied without prejudice.

---

[1] The docket sheet for this case lists ECCF as a defendant.  However, Plaintiff only lists "Essex County Facility Riot Response Team" as a defendant in the caption of his amended complaint (ECF No. 7 at 1), and "Essex County Riot Response Team" as a defendant in the body of his amended complaint (ECF No. 7 at 4).  To the extent Plaintiff intended to name ECCF as a defendant, the claim against ECCF will be dismissed with prejudice because, as explained below, it is not a proper defendant in a § 1983 action.

## I.  FACTUAL ALLEGATIONS

The amended complaint contains the following factual allegations, which, for screening purposes, are accepted as true.

On July 1, 2021, Plaintiff "was let out of [his] cell to participate in the MAT[2] program run by Officer J. Morgan." ECF No. 7 at 5. "[T]here was a verbal altercation with the relief officer not knowing why [Plaintiff] was out [of his] cell." *Id.* "Sgt. Sowell was the first person to respond," and Plaintiff "informed her that she was called because of [him]." *Id.* Sergeant Sowell told Plaintiff to sit down, which he did, and "she told workers to lock in." *Id.* at 5–6. Plaintiff "was talking with Sgt. Sowell about the incident," when the following events occurred:

> The next thing I know, Sgt. Jarman comes in shooting while I am raising my hands and yelling (stop resisting)[.]  [B]y that time Riot Team has come onto the unit[,] tackles me to the ground and began to punch me[,] kick[,] hit me with different objects and other things[.]  I don't remember too much after that because [I] blanked out.  I was taken to[] medical and [the] doctor told staff I need to go to the [h]ospital[,] and there I was admitted for assault.  I was informed later by Officer Joseph Morgan and Officer King that what their fellow officers did to me was uncalled for and needs to be reported.

*Id.* at 6.  Plaintiff "spoke with Lt., then filed [a] grievance to [the] Warden," but "no action was taken[,] so [he] filed in [the] District Court." *Id.* at 5.

Plaintiff seeks to hold Sergeant Jarman liable on the basis that Plaintiff "was shot multiple times by Sgt. Jarman even though [he] was sitting down at a table with a cup in his hand talking to Sgt. Sowell," and "[n]ext thing [he] was raising [his] hands while getting shot by Sgt. Jarman." *Id.* at 4.  Plaintiff seeks to hold the ECRRT liable because, "[u]pon . . . getting shot with [his] hands still raised, [he] was tackled to the ground by" the ECRRT, and the ECRRT "began to beat [him] with canisters, fists, feet, etc." *Id*.  Plaintiff asserts that he "was told all this by officer Joseph

---

[2] Plaintiff does not define "the MAT program," but the Court will infer that it refers to a medication-assisted treatment program.

2

Morgan because [he] blanked out during" the assault. *Id*. For relief, Plaintiff requests that the Court "appoint [him] legal representation in this civil rights violation." *Id*. at 6.

## II. SCREENING STANDARD

District courts are required to review complaints in civil actions filed by prisoners, *see* 28 U.S.C. § 1915A(a), and to dismiss any case that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b) & 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings are liberally construed. *See Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. APPLICABLE LAW

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*Id.* Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011).

To impose liability under § 1983, a defendant "must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). If a plaintiff alleges "that one or more officers engaged in unconstitutional conduct," he or she "must establish the 'personal involvement' of each named defendant." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 285 (3d Cir. 2018); *see also McKay v. Krimmel*, No. 22-1302, 2023 WL 4231714, at *2 (3d Cir. June 28, 2023) (same).

To state a claim for excessive force, a plaintiff must allege plausibly that an official's acts resulted in "unnecessary and wanton infliction of pain." *See Whitley v. Albers*, 475 U.S. 312, 320 (1986). The central question will be "whether force was applied in a good faith effort to maintain order or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320–21; *see also Drumgo v. Radcliff, Sgt.*, 661 F. App'x 758, 760 (3d Cir. 2016). The Court

4

must consider several factors, including (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000). "Inherent in the nature of this analysis is the clear conclusion that an Eighth Amendment excessive force claim may prevail even where the plaintiff's own actions instigated a legitimate physical response, but the officers considerably exceeded the necessary amount of force in mounting their response." *Neal v. Powell*, No. 17-4768, 2023 WL 4118347, at *5 (D.N.J. June 22, 2023) (citing *Jacobs v. Bayha*, 616 F. App'x 507, 513–14 (3d Cir. 2015)).

## IV. DISCUSSION

### a. Screening of Amended Complaint

As an initial matter, the ECCF is not a "person" amenable to suit under § 1983, and thus, is not a proper defendant. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983"); *Echevarria v. Essex Cnty. Dep't of Corr.*, No. CV 20-498, 2020 WL 831073, at *2 (D.N.J. Feb. 20, 2020) ("Neither a county jail nor a county department such as the Essex County Department of Corrections are 'persons' amenable to suit under § 1983.") (citing *Ewing v. Cumberland Cnty.*, 152 F. Supp. 3d 269, 301 (D.N.J. 2015)); *Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. Apr. 8, 2015)). Accordingly, to the extent Plaintiff intended to name the ECCF as a defendant, the amended complaint will be dismissed with prejudice as against the ECCF.

Likewise, the ECRRT is not a "person" subject to suit under § 1983. *See, e.g., Surine v. Edgcomb*, 479 F. App'x 405, 408 (3d Cir. 2012) (State Police Emergency Response Team "itself

5

is not a 'person' for purposes of section 1983 and thus may not be sued"); *Biddle v. Morgan*, No. 13-343, 2013 WL 2124175, at *2 (D. Del. May 14, 2013) (dismissing claims against Quick Response Team ("QRT") "as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1)" because QRT is not a person "within the meaning of § 1983"); *Dickens v. Taylor*, 464 F. Supp. 2d 341, 346–47 (D. Del. 2006) (dismissing inmate's excessive force claim against QRTs because QRTs "are not 'persons' subject to suit under 42 U.S.C. § 1983"); *Peoples v. S.C. Dep't of Corr.*, No. 807-1203, 2008 WL 4442583, at *1–2 (D.S.C. Sept. 25, 2008) (dismissing claims against the Rapid Response Team because "[t]he RRT is not a 'person' subject to suit under § 1983"; "[i]ts composition is fluid, and suits for alleged civil rights violations are more appropriately filed against individuals"). Thus, the amended complaint will also be dismissed with prejudice as against the ECRRT. If Plaintiff intended to sue individual members of the ECRRT team, he must name those members individually and plausibly allege each individual's personal involvement in the alleged constitutional violation.

As to Sergeant Jarman, construing the amended complaint liberally and giving Plaintiff the benefit of reasonable inferences drawn from his factual allegations, Plaintiff alleges that, without any legitimate penological reason, Sergeant Jarman shot him multiple times while he was sitting down and raising his hands. *Id.* at 4, 6. It is, of course, possible that the evidence will contradict Plaintiff's allegations, or establish that the use of force, if there was one, was reasonable and justified under the circumstances. However, at this early screening stage of the litigation, the Court finds that Plaintiff has stated an excessive force claim against Sergeant Jarman. Accordingly, the Court will allow the excessive force claim against Sergeant Jarman to proceed.

The court notes that Federal Rule of Civil Procedure 8(a)(3) requires a complaint to contain "a demand for the relief sought," and, here, Plaintiff's amended complaint does not contain a

prayer for damages or otherwise specify what relief he seeks. This failure, however, is not a basis to dismiss the amended complaint. *See, e.g.*, *Onely v. Redner's Markets, Inc.*, No. 21-4785, 2022 WL 1773606, at *6 (E.D. Pa. June 1, 2022) ("[F]or purposes of the 'sufficiency of a pleading, . . . the demand for judgment is not considered part of the claim.'") (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1255 (4th ed. Apr. 2022 Update)); *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) (noting that demand for relief required by Rule 8 "is not itself part of the plaintiff's claim"); *Global Arena, LLC v. Eterpreting, LLC*, No. 16-3634, 2016 WL 7156396, at *2 (E.D. Pa. Dec. 8, 2016) (finding that a demand for relief under Rule 8(a)(3) "is not the proper subject of a Rule 12(b)(6) motion").

    **b. Request for Counsel**

In lieu of a prayer for relief, Plaintiff writes, "I am requesting the Court to appoint me legal representation in this civil rights violation." ECF No. 7 at 6. Under 28 U.S.C. § 1915(e)(1), district courts have "broad discretion" to determine whether appointment of counsel in a civil case would be appropriate, *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002), and should consider various factors, including, as relevant here, the "threshold matter" of whether the case has "some arguable merit in fact and law," *Id.* at 499 (listing factors). Further, "the decision to appoint counsel may be made at any point in the litigation." *Id.* at 498.

At this early stage, the Court is unable to determine, among other issues, whether Plaintiff's claims have arguable merit. Accordingly, the request for appointment of counsel will be denied without prejudice to renewal at a later stage of the litigation.

**V. CONCLUSION**

For the reasons stated above, the amended complaint (ECF No. 7) will be permitted to proceed, in part, as follows: (1) the § 1983 claim against Sergeant Jarman may proceed; and (2)

8

the § 1983 claims against ECCF and ECRRT will be dismissed with prejudice.  The request for appointment of counsel (*id.* at 6) will be denied without prejudice.  An appropriate order follows.

Dated: <u>November 16, 2023</u>

s/ Claire C. Cecchi
**HON. CLAIRE C. CECCHI, U.S.D.J.**